FILED'10 NOV 15 9:31USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ROBERT WILLIAM KRIEG,

        Petitioner,        Civil No. 08-1505-CL

       v.                        REPORT AND
                                  RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence dated December 16, 2003, from the Clackamas County Circuit Court, after convictions for Robbery in the Second Degree and

1 - REPORT AND RECOMMENDATION

of imprisonment. Id.

Petitioner directly appealed his convictions, but subsequently moved to voluntarily dismiss, which the Court of Appeals granted. Exhibits 105 - 106.

Petitioner filed an amended petition for post-conviction relief, but the Marion County Circuit Court denied relief, Exhibits 116 - 118. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court denied review. Exhibits 119 - 124.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. alleging the following grounds for relief:

> Ground One: Petitioner alleges that his constitutional rights under Article I, Section 11, of the Constitution of the State of Oregon, and the Sixth and Fourteenth Amendments to the United States Constitution, were violated, based on Blakely vs. Washington, 124 S.Ct. 2531 (2004).
>
> Supporting Facts: The trial judge imposed consecutive sentences upon petitioner without the predicate facts justifying such consecutive sentences being submitted to a jury and proved beyond a reasonable doubt.
>
> Ground Two: Petitioner was denied adequate and effective assistance of counsel in violation of Oregon Revised Statute 138.530, Article I, Section 10, of the Constitution of the State of Oregon, and the Sixth and Fourteenth Amendments to the United States Constitution, when trial counsel's actions or omissions fell below a reasonable standard of representation.
>
> Supporting Facts: Trial counsel:
> a)   Failed to object to the trial judge's imposition of consecutive sentences upon petitioner, without the predicate facts justifying such consecutive sentences being submitted to a jury and proved beyond a reasonable doubt.

2 - REPORT AND RECOMMENDATION

    b)    Failed to explain to petitioner all of the ramifications of waiving his right to a jury trial
    c)    Failed to adequately investigate the case including but not limited to, failing to interview crucial witnesses including, Josh Pattillo, James Strovink and Barbara Gaines.
    d)    Failed to try to impeach State witnesses including Josh Pattillo and James Strovink.
    e)    Failed to object to the prosecutor's leading questions when examining State witnesses.
    f)    Failed to obtain the investigative report generated by the victim's insurance company.
    g)    Failed to object to the State's use of false information concerning petitioner's criminal history at the sentencing hearing.
    h)    Failed to introduce mitigating evidence at petitioner's sentencing hearing.
    i)    Failed to object to the trial judge's imposition of restitution or to request a hearing to determine petitioner's ability to make restitution.

Ground Three:  Petitioner was denied adequate and effective assistance of counsel in violation of Article I, Section 10 of the Constitution of the State of Oregon, and the Sixth and Fourteenth Amendments to the United States Constitution, when appellate counsel's actions or omissions fell below a reasonable standard of representation.

Supporting Facts:  Appellate Counsel:
a)    Failed to consult with the petitioner and discuss with him the issues relating to his direct appeal.
b)    Failed to advise petitioner of the possible federal preservation problems, when he advised petitioner to dismiss the appeal.
c)    Failed to assign as trial error, plain on the face of the record, the trial judge's imposition of consecutive sentences upon petitioner without the predicate facts justifying such consecutive sentences being submitted to a jury and proved beyond a reasonable doubt.

Petition (#2) p. 4-5.

    Respondent moves to deny petitioner's claims and dismiss this proceeding on the grounds that "(a)ll but two of petitioner's claims are procedurally defaulted. The remaining

3 - REPORT AND RECOMMENDATION

claims were heard by the state post-conviction court and denied on the merits. That decision is entitled to deference, because it was reasonable and consistent with clearly established law as announced by the United States Supreme Court." Response (#18), p. 2.

In Petitioner's Reply he states: As an initial matter, based on the United States Supreme Court's decision in State v Ice, 555 U.S. ___, 129 S.Ct. 711 (2009), petitioner has determined that his claims related to consecutive sentences are no longer viable and he abandons them. These claims are found in Ground One and Three of the petition." Petitioner's Reply (#28) p. 1. Petitioner reiterates "(b)oth Grounds One and Two relate to State v. Ice, supra, and petitioner has abandoned those claims. Id, p. 2. Petitioner's also recognizes that Ground Two(a) fails in view of State v. Ice. Petitioner's Reply (#28) p. 3, Fn. 1.

Petitioner's concession that Grounds One, Two(a), and Three fail in view of the Supreme Court's decision in State v. Ice is construed as a motion for voluntary dismissal of those claims and is allowed.

Accordingly, petitioner's ineffective assistance of counsel claims alleged in Ground Two (b)-(i) are the only issues before the court.

Petitioner alleged numerous claims that his trial counsel was ineffective in his Amended Petition for Post-Conviction Relief. Exhibit 107. However, after the post-conviction court

4 - REPORT AND RECOMMENDATION

denied relief, petitioner raised a single assignment of error on appeal: "The circuit court erred in denying petitioner's petition for post-conviction relief because petitioner's trial attorney was ineffective for failing to adequately investigate potential witnesses and for failing to object to the sentence." Exhibit 119, p. 4. Petitioner raised these claims in his Petition for Review by the Oregon Supreme Court. Exhibit 122, p. 4.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be

5 - REPORT AND RECOMMENDATION

considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's

6 - REPORT AND RECOMMENDATION

procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

As noted above, the only claims petitioner exhausted in the Oregon courts were that his attorney was ineffective for failing to investigate by interviewing certain witnesses and for failing to object to the sentence. The other claims of ineffective assistance alleged in the petition before this court were not exhausted and are now procedurally defaulted.

Petitioner "acknowledges the procedural and evidentiary

---

[2]As noted above, petitioner acknowledges that State v. Ice is dispositive of his claim that counsel was ineffective for failing to object to the sentence. Although petitioner alleged in his Amended Petition for Post-conviction Relief that counsel was also ineffective for failing to object to the imposition of restitution, Exhibit 107, p. 3, no argument was advanced in support of that claim in petitioner's PCR trial brief, at petitioner's PCR trial or either of his PRC appellate briefs. Accordingly, I find the ineffective assistance claim based on counsel's failure to object to the imposition of restitution was not fairly presented or exhausted and is also procedurally defaulted.

7 - REPORT AND RECOMMENDATION

problems in state court, but he alleges he should be excused from any procedural default, exhaustion, or proof problems based on the inadequacy of the state's review process." Petitioner's Reply (#28) p. 1. While acknowledging that he "has no right to effective assistance of post-conviction counsel," Petitioner's Reply, p. 2, petitioner argues that his post-conviction counsel's performance was so deficient it constituted a "failure to provide a post-conviction remedy at all." Id., p. 3.

Petitioner's argument is unconvincing. I find that petitioner has not established cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Therefore, the only claim properly before this court is Ground Two (c) that counsel failed to adequately investigate by interviewing "crucial witnesses including Josh Pattillo, James Strovink and Barbara Gains." Petition (#2) p. 4.

Petitioner raised this claim in his post-conviction proceeding. The PCR court denied relief stating:

> 8. Petitioner failed to provide any affidavits or written statements from Josh Pattillo, James Strovink, or Barbara Gaines to prove that they were available and willing to testify on petitioner's behalf and would have provided testimony that would have been helpful for the defense.
>
> ****
>
> 1. Based on the findings of fact set forth above, in the underlying criminal proceedings

8 - REPORT AND RECOMMENDATION

>  resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United Stats Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the constitution of the State of Oregon.
>
>  ****
>
>  4. Petitioner did not prove any of his claims by a preponderance of the evidence.

Exhibit 117 p 4, 6.

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003). In addition, under 28 U.S.C. sec. 2254(d)(2), "(f)actual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary." Miller v. Cockrell, 537 U.S. 322, 340 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a

9 - REPORT AND RECOMMENDATION

federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to

10 - REPORT AND RECOMMENDATION

undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

The PCR court finding that petitioner failed to provide any affidavits or written statements from the witnesses to prove that they were willing and able to testify on petitioner's behalf and would have provided testimony that would have been helpful to the defense is presumed correct because petitioner has not provided any clear and convincing evidence to the contrary. The PCR court's conclusion that petitioner was not denied his Constitutional right to effective assistance of counsel is entitled to deference because it is not an unreasonable application of *Strickland* and is

11 - REPORT AND RECOMMENDATION

supported by the record before the court.

To provide effective assistance, counsel has a duty to make a reasonable investigation, "or to make a reasonable decision that makes particular investigation unnecessary." Strickland 466 U.S. at 691. A particular decision not to investigate must be "directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Id. The duty to investigate is not limitless. Hendricks v. Calderon, 70 F.3d 1032, 1040 (9th Cir. 1995). The reasonableness of counsel's actions may be determined or influenced by the defendant's own statements or actions, as counsel's actions are based on information supplied by the defendant. Id. Moreover, in evaluating whether an attorney should have pursued evidence, courts are to determine if "the known evidence would lead a reasonable attorney to investigate further." Wiggins v. Smith, 539 U.S. 510, 527 (2003).

During his post-conviction deposition, petitioner testified that trial counsel should have interviewed Joshua Pattillo, his co-defendant in the robbery, James Strovink, the detective on the case, and Barbara Gaines, petitioner's biological mother. When asked what evidence counsel would have gathered if he had interviewed Pattillo, petitioner responded "I would not know." Exhibit 112 at 9. Petitioner offered no evidence from Pattillo what he would have said to petitioner's counsel if he had been interviewed.

When asked what evidence would have been uncovered by counsel interviewing Detective Strovink, petitioner stated "I don't know."

12 - REPORT AND RECOMMENDATION

Id. Then petitioner admitted that he wasn't sure that trial counsel did not interview Patillo and Strovink, "but as far as I know Joshua Pattillo and James Strovink were not interviewed by my attorney prior to trial,... ." Id.

Petitioner's complaint about his attorney with regard to Gaines was that counsel did not spend enough time "coaching" her testimony. Id. at p. 10-11. When asked what effect the coaching would have had on his mother's testimony, petitioner responded "I'm not positive.." Id. at 11. Petitioner just believed that she was confused and that her testimony got "tied up on the stand." Id.

Thus petitioner never provided any evidence to the post-conviction court regarding what Pattillo, Strovink or Gaines would have said if interviewed by his attorney or that their testimony would have benefitted him if further investigation had been done. Nor has petitioner suggested in this proceeding how investigating these witnesses would have affected the outcome of his trial. Thus, petitioner has failed to establish that his attorney was deficient for failing to conduct additional investigation of these witnesses.

Moreover, petitioner has failed to establish the second (prejudice) prong of *Strickland*. A petitioner fails to satisfy the second prong of *Strickland*, if he offers no indication of what the potential witness would have testified to or how their testimony might have changed the outcome of the trial. See, United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1987). To establish prejudice, it is not sufficient for a petitioner to speculate about the

13 - REPORT AND RECOMMENDATION

contents of uncalled witnesses' testimony. Petitioner must have presented at a minimum affidavits or other declaratory evidence from the uncalled witnesses detailing what they would have testified to if they had been called at trial. See, Morris v. California, 966 F.2d 448, 456 (9th Cir. 1992); Horn v. Hill, 180 Or. App.139, 148-49 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding, ... it's omission cannot be prejudicial.").

In summary, petitioner concedes Grounds One, Two (a) and Three. Petitioner procedurally defaulted Grounds Two (b) and (d) - (i). The only claim that petitioner exhausted was his claim that his trial counsel was deficient for failing to investigate certain witnesses. The state courts denied that claim in decisions that are not contrary to or an unreasonable application of *Strickland*. Accordingly the state court decisions are entitled to deference by this court. Moreover, the state court decisions are supported by the record before this court and correct on the merits.

Based on the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.

14 - REPORT AND RECOMMENDATION

Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>See</u>, *28 U.S.C. § 2253(c)(2).*

DATED this 10 day of November, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

15 - REPORT AND RECOMMENDATION